UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

CHRISTIAN TURNER,           )
                               )
         Petitioner,       )
                               )
     v.                 )         1:15-cr-00040-JAW-2
                               )         1:18-cv-00153-JAW
                               )
UNITED STATES OF AMERICA,   )
                               )
        Respondent    )

## RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

In this action, Petitioner Christian Turner moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. (Motion, ECF No. 735.) Following a guilty plea, Petitioner was convicted of conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base, 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A) (Count 1); and conspiracy to violate federal firearms laws, 18 U.S.C. §§ 371, 924(a)(1), 922(a)(3), 922(a)(5) (Count 3); the Court sentenced Petitioner to prison terms of 300 months on Count 1, and 60 months on Count 3, to be served concurrently.[1] (Judgment, ECF No. 542 at 1-2.)

Petitioner challenges the Court's finding of a two-level sentencing guidelines enhancement for engaging in the offense conduct as a livelihood, USSG § 2D1.1(b)(15)(E) (imposed if the court finds "the defendant committed the offense as part of a pattern of

---

[1]Petitioner was not named in Count 2 of the indictment. (Corrected Indictment, ECF No. 80 at 3.)

criminal conduct engaged in as a livelihood"). (Motion at 1; Sentencing Tr., ECF No. 625 at 59.) Petitioner contends he is entitled to relief because, he alleges, sometime after his conviction, consent decrees were issued based on a federal finding concerning "a 'pattern of racially motivated bias' and 'racist policies [and] practices'" by various law enforcement agencies involved in Petitioner's past arrests. (Motion at 1.)

Following a review of Petitioner's motion, the Government's request for dismissal, and the record, I recommend the Court grant the Government's request, and dismiss Petitioner's motion.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

At sentencing, although Petitioner's counsel asserted several factual disputes with the revised presentence investigation report, counsel did not dispute the facts in support of the enhancement for engaging in criminal conduct as a livelihood. (Sentencing Tr., at 4-10.) Petitioner told the Court, in response to the Court's inquiry, that other than the issues identified by counsel, Petitioner believed the information in the report to be true. (*Id.* at 10.)

The Court determined the guidelines calculation as follows: the base offense level was 34, because the offense involved at least 10,000 kilograms but less than 30,000 kilograms of marijuana equivalent, pursuant to USSG § 2D1.1(c)(3). (*Id.* at 59.) In addition to the two-level criminal livelihood enhancement, pursuant to USSG § 2D1.1(b)(15)(E), two levels were added for possession of a firearm, pursuant to USSG § 2D1.1(b)(1). (*Id.*) Four levels were added, pursuant to USSG § 3B1.1(a), because the Court found Petitioner was an organizer or leader of a conspiracy involving at least ten

individuals. (*Id.* at 60.) The Court subtracted 3 levels for acceptance of responsibility, pursuant to USSG § 3E1.1. (*Id.*) The total offense level was 39. (*Id.*) Petitioner's criminal history category was V, which, combined with a total offense level of 39, resulted in a guidelines range of 360 months to life in prison. (*Id.*)

Petitioner did not object to the guidelines range. (*Id.* at 61.) The Court concluded as to Count 1 that the upper end of the guidelines range was too harsh, and it imposed a 300-month sentence on Count 1, and 60 months on Count 3, to be served concurrently; the Court imposed supervised release terms of five years on Count 1, and three years on Count 3, to be served concurrently. (*Id.* at 78-79.) Judgment was entered on July 7, 2016. (Judgment at 1.)

Petitioner did not appeal from the conviction or the sentence. Petitioner states he signed and dated his section 2255 motion on April 2, 2018.[2] (Motion at 1.) The motion was filed on April 6, 2018. (*Id.*)

## II.    DISCUSSION

### A. Legal Standards

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence;

---

[2] Petitioner did not file his claim on a form 28 U.S.C. § 2255 motion; furthermore, he did not sign the motion under penalty of perjury, as required under Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings. *See* 28 U.S.C. § 1746. This recommended decision assumes, without recommending a decision on the issue, that if the Court did not dismiss the section 2255 motion, the Court would permit Petitioner to file a form motion, including the required declaration, if necessary.

(3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).

The burden is on the section 2255 petitioner to establish by a preponderance of the evidence that he or she is entitled to section 2255 relief. *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978).

The timeliness of a section 2255 motion is governed by section 2255(f), which provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of −
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

## B. Claim and Analysis

The Government maintains that Petitioner's motion is barred by the applicable statute of limitations set forth in 28 U.S.C. § 2255(f). (Response, ECF No. 740.)

Because Petitioner did not appeal from the conviction or the sentence, the judgment became final on July 21, 2016, which was 14 days after the entry of the judgment. *See* Fed. R. App. P. 4(b)(1)(A); *Clay v. United States*, 537 U.S. 522, 532 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."). Given that Petitioner did not file the motion within one year of the date the judgment was final, the motion was not filed timely under section 2255(f)(1).[3] Petitioner, therefore, is not entitled to relief under section 2255(f)(1). Petitioner also alleges no facts that implicate either section 2255(f)(2) or (f)(3).

Because Petitioner alleges he learned facts after his conviction, he might intend to assert the claim pursuant to section 2255(f)(4). Petitioner's allegations, however, do not support a claim for relief under section 2255(f)(4).[4]

Summary dismissal of a motion is permitted when the allegations are "'vague, conclusory, or palpably incredible,'" even "'if the record does not conclusively and expressly belie [the] claim.'" *David*, 134 F.3d at 478 (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)). The Court can reasonably require a petitioner to

---

[3] Although the First Circuit has held "that section 2255(f) is non-jurisdictional" and that the one-year limitation period "is subject to equitable tolling in appropriate instances," *Ramos-Martínez v. United States*, 638 F.3d 315, 321, 322 (1st Cir. 2011), Petitioner's motion does not allege any facts that raise an issue of equitable tolling. "A habeas petitioner bears the burden of establishing the basis for equitable tolling. To carry this burden, the petitioner must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" 638 F.3d at 323 (citation and quotation marks omitted) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

[4] To the extent Petitioner alleges a newly discovered legal theory, as opposed to a newly discovered fact, the claim fails. *See Barreto-Barreto v. United States*, 551 F.3d 95, 99 n.4 (1st Cir. 2008) (noting "the discovery of a new legal theory does not constitute a discoverable 'fact' for purposes of § 2255(f)(4)").

supply the Court with salient details of the claim prior to permitting discovery or a hearing. *Id.* (concluding that "the district court did not abuse its discretion in refusing to license a fishing expedition"). Petitioner does not allege which judgment or judgments he challenges on the basis of alleged racial bias, nor does he allege any specific facts about the alleged consent decrees or agency oversight issues upon which he relies to support his claim. He also fails to explain how any new facts might impact the Court's criminal livelihood finding. (Motion at 1.) Petitioner's allegations are vague, and therefore, the motion fails. *See id.*

Furthermore, to the extent Petitioner, by referencing his past arrests, intends to challenge any of the prior convictions on which his sentence was based, he is not entitled to relief, because his allegations do not implicate his right to counsel in the proceedings that led to the prior convictions. "[W]ith the sole exception of convictions obtained in violation of the right to counsel," a petitioner has no right to collaterally challenge prior convictions during federal sentencing. *Daniels v. United States*, 532 U.S. 374, 378 (2001).[5]

---

[5] It is not clear whether Petitioner also contends the Court misapplied the sentencing guidelines regarding the enhancement for criminal livelihood under USSG § 2D1.1(b)(15)(e). However, to the extent Petitioner does intend to collaterally attack the enhancement for criminal livelihood, the claim is procedurally defaulted because Petitioner did not object at sentencing or raise the issue on appeal. *See Bousley v. United States*, 523 U.S. 614, 622 (1998) ("Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'") (citations omitted) (quoting *Murray v. Carrier*, 477 U.S. 478, 485 (1986)). In addition, Petitioner cannot demonstrate prejudice, because the 300-month sentence on Count 1 was lower than the low end of the 324 to 405 month range that would have applied had the Court not found the two-level criminal livelihood enhancement. Neither Petitioner's allegations nor the record raises any issue of actual innocence.

Furthermore, claims of misapplication of the sentencing guidelines are generally not cognizable absent a "miscarriage of justice," which Petitioner cannot demonstrate given the below-guidelines sentence.

## C. CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 6th day of September 2018.

---

*See United States v. Sevilla-Oyola*, 770 F.3d 1, 12 (1st Cir. 2014) (noting "a § 2255 motion alleging a violation of federal law is generally cognizable only if it involves 'a fundamental defect [that] inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure'") (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)); *United v. Morales-Arroyo*, 854 F.3d 118, 121 (1st Cir. 2017) (noting that in *Sotirion v. United States*, 617 F.3d 27, 38 (1st Cir. 2010), the Court found "no miscarriage of justice despite the sentencing court's miscalculation of the advisory guideline range where the sentence fell below the upper-limit sought by the government").