UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:15-cr-00040-002-JAW |
| | ) | 1:18-cv-00153-JAW |
| CHRISTIAN TURNER | ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON MOTION FOR RECONSIDERATION**

The Court denies an inmate's motion for reconsideration of an order affirming a recommended decision, which recommended that the Court deny his motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. The Court denies the motion because the inmate's § 2255 petition is untimely, because the inmate waived the right to challenge the grounds for the recommended decision and affirmance, because his motion for reconsideration is itself untimely, because the inmate is improperly attempting to raise a new issue in his motion for reconsideration, and because, if the Court reached the merits of his newest contentions, they fail as a matter of fact and law.

**I.  BACKGROUND**

**A.  Charges, Conviction and Sentence**

On February 12, 2015, a federal grand jury indicted Christian Turner along with ten other defendants, charging them with engaging in a conspiracy to distribute cocaine base in violation of federal criminal law. *Indictment* at 1-2 (ECF No. 3). The indictment charged that Mr. Turner was responsible for 280 or more grams of cocaine base. *Id.* The grand jury also indicted Mr. Turner with engaging in a conspiracy with

three other individuals to violate federal firearms laws. *Id.* at 3. On September 2, 2015, Mr. Turner pleaded guilty to both charges. *Min. Entry* (ECF No. 269). On July 1, 2016, the Court sentenced Mr. Turner to 300 months of incarceration on Count One, the drug conspiracy charge, and 60 months on Count Two, the firearms conspiracy charge. *J.* (ECF No. 542). Mr. Turner did not appeal.

B.     **Christian Turner's Habeas Corpus Petition and Response**

On April 6, 2018, Mr. Turner filed his first motion under 28 U.S.C. § 2255. *Mot. to Correct and Reduce Sentence* (ECF No. 735). In his petition, Mr. Turner described the issue:

> I was given an improper 2 level enhancement for "criminal livel[i]hood." The reason this enhancement needs to be taken off my sentence is that, since my conviction & sentence, the various law enforcement agencies and police departments respons[i]ble for saddling me with my past arrests have been subject to various consent decrees & DOJ over[sight]. The reason for this is a Federal finding of a "pattern of racially motivated bias" and "racist policies & practices" on the part of said police agencies, stretching back more th[a]n 10 years, targeting black and [H]ispanic people. I am black, and fall under this unconstitutional pattern of government [harassment].
>
> It is not on me to "prove" bias; bias, racially motivated bias, has been established.
>
> I ask the court for a new sentencing hearing, appointment of counsel, a copy of my updated docket sheet, and a copy of this filed motion.

*Id.* at 1.

On April 10, 2018, the Magistrate Judge ordered the United States Attorney to file a response and allowed Mr. Turner thirty days thereafter to file a reply. *Order to Answer* (ECF No. 737). On May 31, 2018, the Government filed a response and moved for a summary dismissal of the petition. *Gov't's Resp. to Pet'r's Mot. Pursuant*

2

*to 28 U.S.C. § 225 and Mot. for Summ. Dismissal* (ECF No. 740). The Government argued that the Court should dismiss Mr. Turner's petition for four reasons: (1) it was untimely, (2) he failed to preserve this claim at the sentencing hearing and on direct appeal, (3) the sentencing guideline issue is not cognizable under § 2255, and (4) even assuming error in the guideline calculation, the Court imposed a below guideline sentence, below the bottom of the guideline range and below the guideline range if calculated without the enhancement. *Id.* at 1-9. Mr. Turner did not file a reply to the Government's response.

### C. The Recommended Decision

On September 6, 2018, the Magistrate Judge issued a recommended decision in which he recommended against holding an evidentiary hearing, in favor of denying the petition, and against issuing a certificate of appealability. *Recommended Decision on 28 U.S.C. § 2255 Mot.* (ECF No. 743). The Magistrate Judge concluded that the petition was untimely. *Id.* at 4-5. Next, the Magistrate Judge ruled that summary dismissal was appropriate because Mr. Turner's allegations were "vague" as his claims did not "allege which judgment or judgments he challenges on the basis of alleged racial bias, nor does he allege any specific facts about the alleged consent decrees or agency oversight issues upon which he relies to support his claim." *Id.* at 6. The Magistrate Judge also noted that Mr. Turner had failed to "explain how any new facts might impact the Court's criminal livelihood finding." *Id.* In addition, the Magistrate Judge observed that to the extent Mr. Turner was challenging his prior convictions, his "allegations did not implicate his right to counsel in the proceedings

3

that led to the prior convictions." *Id.* Finally, the Magistrate Judge noted that Mr. Turner's challenge to the criminal livelihood enhancement was not cognizable because he failed to object to the enhancement at the sentencing hearing and failed to appeal the enhancement, because he could not demonstrate prejudice, and because misapplications of the guidelines are generally not recognized absent a miscarriage of justice. *Id.* at 6, n.5.

### D. The Affirmance

Mr. Turner's objection to the Magistrate Judge's recommended decision was due by September 20, 2018. As Mr. Turner is incarcerated and subject to the so-called mailbox rule, *Houston v. Lack*, 487 U.S. 266, 276 (1988), the Court waited until November 8, 2018 before acting on the recommended decision. *Order Affirming the Recommended Decision of the Magistrate Judge* (ECF No. 752). Having received no objection from Mr. Turner and having reviewed the recommended decision, the Court accepted and affirmed the recommended decision and ordered that no certificate of appealability should issue. *Id.* at 1-2.

### E. The Motion for Reconsideration

On December 3, 2018, Mr. Turner filed a motion for the Court to reconsider its order affirming the recommended decision. *Mot. for Recons. Pursuant to Fed. R. of Civ. P. 59(e) Citing Fed. R. [Civ.] P. 52(b) Plain Error and Manifest Error of Law* (ECF No. 753) (*Def.'s Mot.*).

In his motion, Mr. Turner explains why he was unable to comply with the time requirements for objecting to the recommended decision. *Id.* at 2-3. He states that

USP Cannan placed him in special housing— segregation—on August 27, 2018 and that he "wasn't released in time to file a timely motion for reconsideration . . . within 28 days of the September 6, 2018 denial of his 2255 Motion under Fed. R. Civ. P. 59(b)." *Id.* at 3.

Next, he turns to the asserted error. He argues that the Court "never made a drug quantity individualized determination of Petitioner Turner's drug quantity as required by the First Circuit." *Id.* at 4. He objects to the Probation Office's reliance on the statements of eight "local drug addicts and dealers," complaining that the Court failed to assess their credibility. *Id.* He cites *United States v. Correy*, 570 F.3d 373 (1st Cir. 2009) for the proposition that a sentencing court errs if it fails to "make credibility determinations related to individualized drug quantity findings and the presentence reports relied on allegations from the indictment rather than trial evidence." *Id.* at 5. He cites *United States v. Pizarro*, 772 F.3d 284 (1st Cir. 2014) and *United States v. Colon-Solis*, 354 F.3d 101 (1st Cir. 2004) for the requirement that a sentencing court must make an individualized drug finding and not base its drug quantity calculations on the drug quantity applicable to the conspiracy as a whole. *Id.* at 6-8. Mr. Turner alleges that the Court failed to make such an individualized finding at his sentencing hearing. *Id.* at 8-9. Mr. Turner says that the drug quantity calculation amounted to plain error. *Id.* at 10-16.

In conclusion, Mr. Turner states that "there is a miscalculation in his sentence that is plain error that affects the fairness, integrity or public reputation of judicial proceedings and affects his substantial rights and requires him to remain in federal

5

prison longer than the law allows if these errors go uncorrected." *Id.* at 16. Mr. Turner asks this Court to make "an individualized drug quantity determination of how much drugs [are] attributable to him, not the amount attributable to him by the Conspiracy as a whole as it was accounted to him at sentencing by the USPO and adopted by this Court erroneously causing a manifest error of law." *Id.* at 16.

### F. The Government's Response

On December 20, 2018, the Government filed its response. *Gov't's Resp. to Pet'r's Mot. for Recons.* (ECF No. 754). First, the Government observes that Mr. Turner did not object to the Court's conclusions regarding the lawfulness of the criminal livelihood enhancement. *Id.* at 2. Instead, the Government notes that Mr. Turner is now contending that the Court erred in its drug quantity calculation. *Id.*

The Government views Mr. Turner's argument as "raising a different 2255 attack on his sentencing." *Id.* Accordingly, the Government contends that Mr. Turner has effectively filed "an impermissible successive 2255 petition over which this Court has no jurisdiction." *Id.* If the Court views Mr. Turner's motion for reconsideration as a motion to amend his § 2255 petition, the Government urges the Court to summarily deny it, because a new § 2255 petition would be time-barred.

### G. Christian Turner's Reply

In his reply, Mr. Turner reveals that he was "in LOCK-Up from August 27, 2018 to October 10, 2018" and asserts that he "could not file a timely response." *Def.'s Opp'n to Gov't's Resp. to Pet'r's Mot. for Recons.* at 1 (ECF No. 756). Mr. Turner maintains that the Court has jurisdiction to review his § 2255 petition pursuant to

the plain error standard in *Hicks v. United States*, 137 S. Ct. 2000 (2017). Mr. Turner otherwise reiterates his contention that this Court has jurisdiction to review his sentence for manifest error. *Id.* at 1-8.

## II. DISCUSSION

### A. Timeliness of Motion

As noted earlier, Mr. Turner's objection to the recommended decision was due by September 20, 2018, the Court affirmed the recommended decision on November 8, 2018, and he did not file his motion for reconsideration until December 3, 2018. In his reply, Mr. Turner reveals that he was in segregated housing from August 27, 2018 to October 10, 2018. But this Court deliberately waited until November 8, 2018 before issuing its order affirming the recommended decision.

Mr. Turner has given no explanation why he could not have filed an objection during the twenty-seven days between October 10, 2019 and November 8, 2018, or why he could not have obtained an extension of time within which to file his objection during this interval. Instead, he simply let the time lapse and did not file an objection until December 3, 2018, fifty-three days after his release from segregated housing.

It is true that courts are generally more relaxed about compliance with procedural rules when a litigant is acting pro se. "The Supreme Court has long held that complaints drafted by non-lawyers are to be construed with some liberality." *Insituto de Educacion Universal Corp. v. United States Dep't of Educ.,* 209 F.3d 18, 23 (1st Cir. 2000) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)). Even so, the First Circuit has written that "pro se status does not free a litigant in a civil case of the

7

obligation to comply with procedural rules." *Rivera v. Riley*, 209 F.3d 24, n.2 (1st Cir. 2000).

Here, Mr. Turner has not presented a good and sufficient reason for why he failed to comply with the time deadlines that apply to all litigants and the Court concludes that his motion for reconsideration is too late.

### B. Criminal Livelihood Enhancement: U.S.S.G. § 2D1.1(b)(14)(E)

If the Court were to reach the merits of his motion for reconsideration, the Court would hold that Mr. Turner waived any challenge to its affirmance of the recommended decision because the recommended decision and the Court's affirmance related only to the application of the criminal livelihood enhancement under U.S.S.G. § 2D1.1(b)(14)(E).[1] As Mr. Turner's § 2255 petition, the recommended decision and this Court's affirmance of the recommended decision were premised on his argument that the two-level criminal livelihood enhancement should not have been applied, and as Mr. Turner has never objected to the basis of the Magistrate Judge's recommended decision or to this Court's affirmance of the recommended decision, he has waived his objection to those determinations.

### C. The Motion for Reconsideration: The Statute of Limitations

In the recommended decision, the Magistrate Judge concluded that Mr. Turner's conviction became final on July 21, 2016, fourteen days after the entry of the criminal judgment. *Recommended Decision* at 5. Under 28 U.S.C. § 2255(f), Mr. Turner had one year from July 21, 2016 by which to file a § 2255 motion, or until July

---

[1] This provision is now found in the guidelines at § 2D1.1(b)(16)(E).

8

21, 2017. *Id*. Mr. Turner did not file his § 2255 petition until April 6, 2018, none of the limited exceptions to the one-year limitations period applies, and therefore his § 2255 petition was time-barred. *Id.*

If Mr. Turner's April 6, 2018 petition is time-barred, his December 3, 2018 motion for reconsideration is similarly time-barred. If Mr. Turner considers his December 3, 2018 motion for reconsideration to be a motion to amend his April 6, 2018 petition, even if the Court accepted the amendment, it would relate back only to April 6, 2018, which, as indicated, is too late. If he considers his December 3, 2018 motion for reconsideration a new § 2255 filing, it is also time-barred because he filed it even later than the April 6, 2018 time-barred petition. None of the recognized exceptions applies to either petition. The Court concludes that Mr. Turner's December 3, 2018 motion for reconsideration is time-barred.

### D. Motion for Reconsideration: Merits

In his motion for reconsideration and reply, Mr. Turner objects to the calculation of the base offense level of 34 based on the drug quantity calculations in the Presentence Investigation Report (PSR). *Def.'s Mot*. at 1-16; *Def.'s Reply* at 1-7. In his objections, Mr. Turner stresses that under First Circuit authority, the Court must make a finding not only as to the drug quantity involved in the conspiracy as a whole, but also as to Mr. Turner himself. *Id*. This is what the First Circuit refers to as "an individualized finding," *see Pizarro*, 772 F.3d at 292, a finding consistent with the United States Supreme Court's *Alleyne v. United States*, 570 U.S. 99 (2013) decision.

9

The problem with Mr. Turner's objection is that in preparing the PSR, the Probation Office (PO) did exactly what the Supreme Court and the First Circuit require. The PO painstakingly reviewed the discovery in this case and listed exact, individualized amounts attributable to Mr. Turner as opposed to the conspiracy writ large. *See Presentence Investigation Report* ¶¶ 7-9. The PO concluded that Mr. Turner was accountable for 18,964.097 KG of marihuana equivalent, placing him well within the base offense level of 34, which was between 10,000 KG and 30,000 KG. *Id.* ¶¶ 13, 22. Mr. Turner made no objection at all to the PO's drug quantity calculations. *Tr. of Proceedings, Sentencing Proceedings* 4:11-10:20.

At the sentencing hearing, the Court asked Mr. Turner whether the contents of the PSR were true, and after his defense counsel listed certain objections, not including drug quantity, the Court asked Mr. Turner:

> THE COURT: All right. Mr. Turner, you've just heard the discussion we've had today in the courtroom concerning the contents of the presentence report. Did your lawyer indicate to me each of the issues that you had with the facts in the report?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Except for those matters that we've just discussed, is the information in the presentence report as revised true?
>
> THE DEFENDANT: Yes, sir.

*Id.* 10:10-19. The Court then asked counsel whether there were any issues with the guideline calculations that the Court needed to resolve, and Mr. Turner's counsel replied: "Not in terms of the guideline calculations, no, your Honor." *Id.* 10:21-25. Later, the Court made express guideline findings, including that Mr. Turner's base

10

offense level was 34. *Id.* 59:17-20. The Court directly asked defense counsel whether there was any objection to the guideline findings:

> THE COURT: Is there any objection to these findings on the part of the defendant as they were just amended?
>
> MR. SILVERSTEIN: No, Your Honor. One second, Your Honor.
>
> THE COURT: Sure.
>
> (Mr. Silverstein speaking with the defendant.)
>
> MR. SILVERSTEIN: Thank you. Nothing further.

*Id.* 61:4-10.

Thus, Mr. Turner, through his defense counsel, was given repeated opportunities to challenge the drug quantity calculations and the base offense level, and he never did so, until his motion for reconsideration of the Court's affirmance of the recommended decision. In fact, Mr. Turner did not object to the Court's guideline calculation that he faced a guideline sentence range of 360 months to life. *Id.* 60:7-61:10. The Court then imposed a sentence of 300 months of incarceration, substantially below the bottom of the guideline range. *Id.* 78:13-25; *J.* (ECF No. 542).

In short, in imposing Mr. Turner's sentence, the Court did precisely what Mr. Turner now demands that it do: it calculated his base offense level based on an "individualized drug quantity determination of how much drugs [are] attributable to him." *Def.'s Mot.* at 16. To the extent that Mr. Turner is contending that the Court may not rely on evidence from other members of the conspiracy in arriving at its individualized quantity determination for him, the Court rejects this contention. The Court held a sentencing hearing to allow Mr. Turner, if he wished to do so, to

11

challenge the credibility of what other co-conspirators said about his criminal activity. But Mr. Turner declined. Having accepted the drug quantity calculations then, he may not object now, years after the opportunity to object has passed.

## III. CONCLUSION

The Court DENIES Christian Turner's Motion for Reconsideration (ECF No. 753) because the motion is untimely, because it is barred by the applicable statute of limitations, and because it fails on its merits. The Court affirms its conclusions regarding the application of the criminal livelihood enhancement under then United States Sentencing Guideline § 2D1.1(b)(14)(e) because Christian Turner has waived the right to object to the recommended decision by failing to do so. The Court AFFIRMS that an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases, the Court DENIES Christian Turner's motion for habeas relief under 28 U.S.C. § 2255, and the Court DENIES a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

SO ORDERED.

                                                                /s/ John A. Woodcock, Jr.
                                                                JOHN A. WOODCOCK, JR.
                                                                UNITED STATES DISTRICT JUDGE

Dated this 27th day of March, 2019